UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>JOSEPH HORNOF, a/k/a JOSEPH D. HORNOF,<br><br>                    Defendant. | Case No. 4:21-cr-00166-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## 1. Diminished Capacity

During the first day of trial, between jury selection and pre-evidence jury instructions, the Court informed the parties that there would be no jury instruction on the defense of diminished capacity. The Court explained that a diminished capacity defense applies only to a crime of specific intent and not to a crime of general intent. The crimes are general intent crimes. Now, the Court provides this written decision to supplement its verbal decision.

The Comments to the Ninth Circuit's Model Criminal Jury Instruction at Model Instruction 5.11 states:

> A defense based on voluntary intoxication is available only for specific intent crimes. *United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1195 (9th Cir. 2000); *United States v. Dare*, 425 F.3d 634, 641 n.3 (9th Cir. 2005) (Cleaned up). . . .
>
> Likewise, diminished capacity is a defense only when specific intent is at issue. *United States v. Twine*, 853 F.2d 676, 679 (9th Cir. 1988).

MEMORANDUM DECISION AND ORDER - 1

This situation is not without precedent in the Ninth Circuit. In 2008, the District of Montana said that a defendant with the mental capacity of a 7-year-old satisfied the intent requirement for the crime of possession of child pornography. On appeal, the Ninth Circuit affirmed and stated, "The district court . . . properly rejected Larson's claim that his developmental disability could serve as a form of diminished capacity, thus excusing a violation of § 2252A(a)(5)(B)." The Ninth Circuit went on to explain that "this Circuit recognizes the defense of diminished capacity only where the charged crime requires specific, rather than general intent." It concluded that, "because § 2252A(a)(5)(B) is a crime requiring only general intent, the diminished capacity defense does not apply. *United States v. Larson,* 346 F. App'x 166 (9th Cir. 2009). *See also United States v. Smith,* 638 F.2d 131, 132 (9th Cir. 1981). In fact, the District of Idaho has made this same ruling on this same crime. In *Davis v. United States*, 2016 WL 6471012 (D. Idaho 2016), this Court found that the diminished capacity defense does not apply to the crime of possession of sexually explicit images of minors.

For the above reasons, and as stated in open court outside the presence of the jury, there will be no diminished capacity defense jury instruction.

## 2. Relevance of Defendant's Background

During opening statements, defense counsel alluded to Defendant's troubling childhood, church mission, and nontraumatic head injury as evidence for why Defendant did what he did. This Court generally gives leeway to attorneys during opening statements. However, the Court also cautions counsel that evidence is admissible only if relevant under FRE 401. Evidence is relevant if (a) it has any tendency to make a fact more or less

MEMORANDUM DECISION AND ORDER - 2

probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid 401. At trial, the concern is *whether* the Defendant committed a crime, not *why*. His upbringing may become relevant at sentencing if the jury convicts, but it is not relevant to this trial.

If the Defendant elects to testify, counsel may ask him some direct questions relevant to his background, e.g., his age, education, employment history, etc. Counsel may not inquire into his reasons or justifications for committing the crimes. What caused a defendant to commit a general intent crime is not relevant to the question of whether he committed the crime, that is, whether all elements of the crime have been proven beyond reasonable doubt.

Distribution of Child Pornography has four elements: (1) whether the crime occurred on or near the dates alleged in the Indictment; (2) whether the Defendant knowingly distributed one or more visual depictions of child pornography; (3) whether the Defendant knew both that the visual depiction was of a minor and that the minor was engaged in sexually explicit conduct; and (4) whether the visual depiction was mailed, shipped or transported in interstate commerce. Defendant's upbringing, church experiences, and non-traumatic head injury 10–15 years ago are not probative of any of these elements. Particularly when there is no expert to suggest that the non-traumatic head injury impacted any of the four elements in any way.

Therefore, Defendant cannot introduce evidence of his poor upbringing or head injury without a showing outside the presence of the jury that such evidence is relevant to an element of these crimes.

**3. Admissibility of Defendant's Prior Conviction**

Finally, as to Defendant's prior conviction for a sex crime, it may be admissible if the Defendant testifies. As the Government argued in its brief, it goes to the credibility of the Defendant. That Defendant having a felony conviction is admissible if he testifies. The nature of that conviction, that it is a sex crime, is not admissible without a showing outside the presence of the jury that the nature of the crime is necessary to rebut testimony of the Defendant.

## ORDER

**IT IS HEREBY ORDERED:**

1.  Defendant is not entitled to a jury instruction on diminished capacity.

2.  Defendant cannot introduce evidence of his poor upbringing or head injury without a showing outside the presence of the jury that such evidence is relevant to an element of these crimes.

3.  The fact that Defendant has a felony conviction is admissible if he testifies. The nature of that conviction, that it is a sex crime, is not admissible without a showing outside the presence of the jury that the nature of the crime is necessary to rebut testimony of the Defendant.

DATED: January 23, 2023

David C. Nye
Chief U.S. District Court Judge