UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>v.<br><br>JOSEPH HORNOF, a/k/a JOSEPH D. HORNOF<br><br>　　Defendant. | Case No. 4:21-cr-00166-DCN<br><br>**MEMORANDUM SUPPORTING DENIAL OF TWO-LEVEL DOWNWARD ADJUSTMENT UNDER U.S.S.G. § 3E1.1(A)** |

## INTRODUCTION

At sentencing in this case, the Court declined to apply a two-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a), which simply states: "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." The PSR did not recommend this downward adjustment, the defendant objected to its absence in the PSR, and the government argued against the downward adjustment. This memorandum is filed by the Court to explain its reasoning in not giving the two-level downward adjustment in this case.

## BACKGROUND

The defendant was indicted by a grand jury in a Superseding Indictment on three counts. Count One was for Distribution of Child Pornography; Count Two was also for Distribution of Child Pornography; and Count Three was for Possession of Child Pornography. Defendant took the case to trial and a jury convicted him on all three counts.

MEMORANDUM - 1

The Pretrial Sentence Report stated that "the defendant has not clearly demonstrated acceptance of responsibility for the offense" so no downward adjustment was made under § 3E1.1. Defendant filed a timely objection to that statement.  In his objection, defendant argued that the PSR writer improperly used defendant's choice to go to trial as the basis for his failure to accept responsibility. Defendant further argued that Guidelines § 3E1.1, Application Note 2, advises that a defendant does not lose his right to this reduction for simply taking his case to trial. Finally, defendant argues that the Ninth Circuit has held that a defendant may not be denied the reduction for contesting a non-factual element of the offense at trial. *See, U.S. v. McKittrick,* 142 F.3d 1170, 1178 (9th Cir. 1998), and, *U.S. v. Ochoa-Gaytan,*265 F.3d 837, 842 (9th Cir. 2001). Defendant claims that, in taking the case to trial, he admitted all factual elements of the crime and merely denied the mens rea element of the crime. Defendant claims the mens rea is a non-factual element of the offense.

The PSR writer, and the government, disagreed with defendant's position. They argued that denying mens rea is denying responsibility. The PSR writer provided Ninth Circuit caselaw to support her position, as well as Application Notes from the Guidelines.

## LEGAL STANDARDS

In its entirety, Application Note 2, of U.S.S.G. § 3E1.1 states:

> This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt. (*e.g*., to make a

constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct.) In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

Thus, Note 2 unambiguously states that in all but rare situations a defendant does lose this downward adjustment if he goes to trial. Only when he clearly demonstrates acceptance of responsibility for his criminal conduct despite going to trial can he obtain this downward adjustment.

The burden is on the defendant to demonstrate acceptance of responsibility. *U.S. v. Innie,* 7 F.3d 840, 848 (9th Cir. 1993). And, that is a burden that must be met to the satisfaction of the sentencing judge, not an appellate court or jury. The determination of the sentencing judge is entitled to great deference because of the sentencing judge's unique position to evaluate a defendant's acceptance of responsibility. *U.S. v. Nielsen,* 371 F.3d 574, 582 (9th Cir. 2004). The District Court's determination regarding acceptance of responsibility is not to be disturbed unless it is without foundation. *Id.* That is, a District Court's decision about whether a defendant has accepted responsibility is a factual determination reviewed only for clear error. *U.S. v. Rodriguez,* 851 F.3d 931, 949 (9th Cir. 2017).

In *U.S. v. Rodriguez,* 851 F.3d 931 (9th Cir. 2017), the Court stated:

The Sentencing Guidelines note that a downward adjustment for acceptance of responsibility generally is not intended to apply to a defendant, like **Rodriguez**, "who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1 cmt. 2. But "in appropriate circumstances the [adjustment] is also available in cases in which the defendant manifests genuine contrition for his acts but nonetheless contests his factual guilt at trial.

MEMORANDUM - 3

Suggesting contrition after conviction at sentencing is not appropriate circumstances for admitting responsibility. *U.S. v. Martinez-Martinez,* 369 F.3d 1076, 1090 (9th Cir. 2004) ("Martinez's purported acceptance of responsibility for his crimes, which occurred during the sentencing phase of trial following his conviction, may not properly form the basis for a downward adjustment under § 3E1.1").

### ANALYSIS

The decision to grant or deny the reduction under § 3E1.1 is a matter for this court's discretion based upon the entire record. Here, both to the investigating officers and in open court, defendant admitted to most of the facts of the charged crimes. However, he claimed that he lacked the requisite mens rea because "God made him do it." Specifically, defendant testified that he heard the Lord's voice say that if he created the website for child pornographers to view child pornography, they would look at the pictures on the website rather than engage in hands-on child sex abuse. He further testified that the Lord told him that if he did this, he would be found innocent at any trial. Trying to shift responsibility for the crime to a third person (even if God) is not accepting responsibility.

The "mens rea" of the crimes in question is "knowingly". *See, U.S. v. Welton,* 2009 WL 4507744 (C.D. Cal. 2009). Defendant admits that he knowingly possessed child pornography. He simply raised the affirmative defense that he possessed it with God's permission and direction. In that respect, this case is similar to *U.S. v. Molina,* 596 F.3d 1166 (9th Cir. 2010). Molina went to trial asserting a duress defense and essentially denying culpability for the crimes under the theory that someone else made him do it. He was convicted by a jury of two counts of transporting illegal aliens for profit. The

MEMORANDUM - 4

sentencing judge declined to give a two-level downward adjustment for acceptance of responsibility and Molina appealed. On appeal, the Circuit Court held that the sentencing judge did not clearly err in denying a downward adjustment for acceptance of responsibility. Molina's argument at trial was that he only did the crime because someone threatened him with harm if he did not do it. The jury rejected that defense and the sentencing court said that under all the facts of the case, defendant failed to meet his burden of proving he accepted responsibility.

Here, defendant's argument at trial was that he only did the crime because God promised he would be found innocent. The jury rejected that defense and under all of the facts of the case, this Court found that defendant failed to meet his burden of proving he accepted responsibility.

Although the defendant testified at trial, he did not accept responsibility for his crimes. Instead, he testified that the voice of God came to him and told him to upload certain files to a link. He testified that he distributed child pornography online via Kik. During trial the defendant did not express remorse for his conduct, he exhibited no contrition, and he expressed no sympathy for his victims. He did not participate in a presentence investigation interview.[1] Even at sentencing, defendant's brief statement, read into the record by his counsel, bears little in the way of acceptance of responsibility. In total, he stated:

> I would like to apologize for the negative impact my actions have had upon others. I have felt deep remorse for what they have suffered through.  As part

---

[1] This is mentioned only to show that no evidence of acceptance of responsibility can come from any presentence investigation interview in this case.

MEMORANDUM - 5

of my penance, I have lost everything that I held dear to my heart: my family, my faith, my freedom, and my friends. As a sacrifice on the altar of justice, I am left desolate, with only my life left to give.

Under the totality of the circumstances, this statement is too little, too late. Defendant is not entitled to a two-level downward adjustment for acceptance of responsibility.

## CONCLUSION

The two-level downward adjustment for acceptance of responsibility under Guideline § 3E1.1(a) is not available to this defendant under the totality of the circumstances. Defendant's objection to the non-application of § 3E1.1 is overruled.

DATED: September 7, 2023

David C. Nye
Chief U.S. District Court Judge